**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL S. HATTER, | : | **Hon. Noel L. Hillman** |
| | : | |
| Petitioner, | : | Civil No. 06-2696 (NLH) |
| | : | |
| v. | : | |
| | : | |
| GEORGE O. ROBINSON, et al., | : | **O P I N I O N** |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> MICHAEL S. HATTER, #337217B
> Southern State Correctional Facility
> P.O. Box 150
> Delmont, New Jersey  08314
> Petitioner Pro Se

**HILLMAN**, District Judge

Michael S. Hatter filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in the Superior Court of New Jersey.  For the reasons expressed below, this Court will summarily dismiss the Petition for lack of subject matter jurisdiction.

### I.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the
> petition must "specify all the grounds for
> relief available to the petitioner" and
> "state the facts supporting each ground.  See
> also Advisory Committee's note on subd. (c)
> of Habeas Corpus Rule 2, 28 U.S.C., p. 469
> ("In the past, petitions have frequently

> contained mere conclusions of law,
> unsupported by any facts.  [But] it is the
> relationship of the facts to the claim
> asserted that is important . . . .");
> Advisory Committee's Note on Habeas Corpus
> Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
> pleading is not sufficient, for the petition
> is expected to state facts that point to a
> real possibility of constitutional error."
> (internal quotation marks omitted))  . . . .
> A prime purpose of Rule 2(c)'s demand that
> habeas petitioners plead with particularity
> is to assist the district court in
> determining whether the State should be
> ordered to "show cause why the writ should
> not be granted."  § 2243.  Under Habeas
> Corpus Rule 4, if "it plainly appears from
> the petition . . . that the petitioner is not
> entitled to relief in district court," the
> court must summarily dismiss the petition
> without ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

"Federal courts are authorized to dismiss summarily any
habeas petition that appears legally insufficient on its face."
McFarland, 512 U.S. at 856.  Dismissal without the filing of an
answer or the State court record is warranted "if it appears on
the face of the petition that petitioner is not entitled to
relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert.
denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at
856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)
(habeas petition may be dismissed where "none of the grounds
alleged in the petition would entitle [the petitioner] to
relief").[1]

---

[1] For example, the Third Circuit has held that vague and
(continued...)

## II.   BACKGROUND

Petitioner challenges a judgment of conviction entered on November 5, 2004, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of third-degree resisting arrest and second-degree eluding.  The Law Division sentenced Petitioner to an aggregate seven-year term of incarceration, and ordered Petitioner to pay mandatory assessments.  Petitioner appealed.  In an opinion filed January 30, 2006, the Appellate Division of the Superior Court of New Jersey affirmed.  See State v. Hatter, 2006 WL 213949 (N.J. Super., App. Div., Jan. 30, 2006).  On March 23, 2006, the New Jersey Supreme Court denied certification.  See State v. Hatter, 186 N.J. 365 (2006) (table).

Petitioner executed the Petition which is now before this Court on June 9, 2006.  The Clerk received it on June 14, 2006.  The Court notified Petitioner, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him 45 days to elect to withdraw the Petition in order add additional claims or to have this Court rule on the Petition "as is."  Petitioner did not respond.

---

[1](...continued)
conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

The Petition presents four grounds, which are set forth below verbatim:

> Ground One:  PETITIONER'S RIGHT TO A FAIR TRIAL W[AS] VIOLATED BY THE PROSECUTOR VOUCHING FOR THE CREDIBILITY OF A POLICE OFFICER WITNESS.
>
> Supporting FACTS:  During summation the prosecutor stated to the jury that Officers Moore and Marion testified credibly and honestly.  The prosecutor stated that the officers were doing their job and that they told the jury what happened exactly on the date in question.
>
> Ground Two:  DEFENDANT RECEIVED AN ILLEGAL SENTENCE.
>
> Supporting FACTS:  Defendant was sentenced to a term of imprisonment based upon the court finding as an aggravating factor that the conviction pertains to preventing or attempting to prevent a law enforcement officer from effecting an arrest.  This represented a double counting of aggravating factors since defendant was already found guilty of eluding and resisting arrest.
>
> Ground Three:  DEFENDANT WAS DENIED A FAIR TRIAL BY THE PROSECUTOR LEADING A WITNESS.
>
> Supporting FACTS:  During direct examination of a State's witness the prosecutor improperly led the witness Officer Douglas Moore.
>
> Ground Four:  DEFENDANT WAS DENIED A FAIR TRIAL BY BEING FORCED TO WEAR A COUNTY JAIL ID BRACELET DURING TRIAL.
>
> Supporting FACTS:  Defendant was forced to wear a visible County Jail ID bracelet during the trial prejudicing jurors and denying him a fair trial.

(Pet. ¶ 12.)

4

### III.  DISCUSSION

A.  Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the Court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Petitioner satisfies the status requirement because, according to the Petition, he is in custody of the State of New Jersey pursuant to the state criminal conviction which he challenges.

The question here is whether the Petition asserts violation of a constitutional or federal right.  "In conducting habeas

5

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); <u>accord</u> <u>Barry v. Bergen County Probation Dept.</u>, 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).

In reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[2]  Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim.[3]

---

[2] <u>See</u>, <u>e.g.</u>, <u>Withrow v. Williams</u>, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying <u>Miranda</u>, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the <u>Miranda</u> warnings to be involuntary under due process criteria"); <u>Baker v. Barbo</u>, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[3] <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); <u>Kontakis v. Beyer</u>, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law,
(continued...)

Moreover, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). And "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim. Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

The Petition presents four claims.  In Ground Two, Petitioner asserts that his sentence is illegal, but he does not claim a constitutional or federal violation.  Moreover, absent a claim that a sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law.  See Chapman v. United States, 500 U.S. 453, 465 (1991);  Wainwright v. Goode, 464 U.S. 78 (1983); Gryger v. Burke, 334 U.S. 728, 731 (1948); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984).[4]  As Petitioner does not challenge his sentence under

---

[3](...continued)
federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[4] For example, in Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected petitioner's due process challenge to a life sentence imposed by the Pennsylvania courts.  Petitioner argued that the sentencing judge mistakenly regarded as mandatory
(continued...)

the Eighth Amendment, the Due Process Clause of the Fourteenth
Amendment, or any other constitutional provision, this Court
lacks subject matter jurisdiction over Ground Two.

In Grounds One, Three and Four, Petitioner claims that he
was denied a fair trial. In Grounds One and Three, Petitioner
asserts that the prosecutor denied him a fair trial by vouching
for the credibility of the state's witness during summation and
by leading a witness during direct examination. In Ground Four,
Petitioner asserts that the failure to remove his county jail
identification bracelet during trial prejudiced jurors and denied
a fair trial.

Petitioner does not assert that the prosecutor's conduct and
the failure to remove the jail ID bracelet violated the United
States Constitution. As previously stated, for a federal court
to have jurisdiction over a claim under § 2254(a), the petitioner
must challenge his custody "on the ground that he is in custody

---

⁴(...continued)
a sentence which was discretionary. The Supreme Court held:

> We are not at liberty to conjecture that the
> trial court acted under an interpretation of
> the state law different from that which we
> might adopt and then set up our own
> interpretation as a basis for declaring that
> due process has been denied. We cannot treat
> a mere error of state law, if one occurred,
> as a denial of due process; otherwise, every
> erroneous decision by a state court on state
> law would come here as a federal
> constitutional question.

Id. at 731.

in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); see also 28 U.S.C. § 2254 Rule 2(c)(1) & (2) (petition shall "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground").   Because Petitioner does not claim a violation of the federal Constitution or laws, this Court lacks subject matter jurisdiction over Grounds One, Three and Four.

Although Petitioner asserts denial of a "fair trial," such a claim does not, without more, assert a Due Process or other federal constitutional claim.   See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Keller v. Larkins, 251 F.3d 408, 413-415 (3d Cir. 2001).   For example, in Duncan v. Henry, the Supreme Court held that "miscarriage of justice" does not assert a federal constitutional claim.   The Supreme Court cautioned:   "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."   Duncan, 513 U.S. at 366.   Significantly, relying on Duncan v. Henry, the Third Circuit ruled in Keller v. Larkins, 251 F.3d at 413-415, that denial of a "fair trial" does not assert a federal constitutional claim:

> Keller, like Henry, did not invoke the
> federal due process guarantee . . . Henry
> claimed that admission of the evidence
> produced a "miscarriage of justice;" Keller
> argues that the admission of evidence denied
> him a "fair trial."   Since the Supreme Court
> found the former language insufficient to

9

> give fair notice of a federal due process
> claim, we are hesitant to attach greater
> significance to the passing reference to the
> concept of a "fair trial" on which Keller's
> argument rests.

Keller, 252 F.3d at 415; see also Baldwin v. Reese, 541 U.S. 27, 33 (2004) (claim of "ineffective assistance of appellate counsel," which "provides no citation of any case that might have alerted the court to the alleged federal nature of the claim" does not assert a federal claim).

To summarize, § 2254(a) permits a district court to entertain a petition for a writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This Court lacks subject matter jurisdiction over the Petition, and will dismiss it, because Petitioner does not assert violation of federal law.

B.   Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of subject matter jurisdiction, and denies a certificate of appealability.

_Noel L. Hillman_
**NOEL L. HILLMAN, U.S.D.J.**

Dated: _November 7_, 2006

11